# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:15-cr-00044-TMB-SAO |
| ) | 3:15-cr-00052-TMB-DMS |
| Plaintiff, ) | |
| ) | FINAL REPORT AND |
| vs. ) | RECOMMENDATION REGARDING |
| ) | MOTION TO MODIFY CONDITIONS |
| JULIO DE LA CRUZ, ) | OF SUPERVISED RELEASE TO |
| ) | ALLOW TRAVEL OUTSIDE |
| Defendant. ) | THE DISTRICT |
| ) | |

## Introduction

Defendant moved the Court for an order modifying his conditions of supervised release to allow him to travel to the Dominican Republic from August 13-28, 2019.[1] The United States opposed the requested travel based on the inability of the United States Probation Office to monitor the defendant's alcohol consumption while outside the United States.[2] The matter was referred to the undersigned magistrate judge who conducted a hearing on August 1, 2019.[3] Upon due consideration of the arguments and evidence adduced at the hearing, the magistrate judge recommends increasing randomized testing of the Defendant through the Soberlink device from August 13-28, 2019 and GRANTING the Defendant's motion at Dkt. 71.

/ / /

---

[1] Dkt. 71. Defendant's Motion was dual docketed in the adjoining case of 3:15-CR-00052. All docket annotations in this Report and Recommendation refer to Case No. 3:15-CR-00044.
[2] Dkt. 73.
[3] Defendant requested a hearing at Dkt. 74, the District Judge referred the Motion to Modify and Motion for hearing to the undersigned magistrate judge at Dkt. 75. The undersigned magistrate judge conducted a hearing on the motion on August 1, 2019. Minutes at Dkt. 83.

1

## Applicable Law

Federal Rule of Criminal Procedure 32.1(c) authorizes the sentencing court to modify the terms of supervised release it previously imposed.

## Facts

This court finds the following facts:

On November 16, 2016, Defendant was sentenced for violating 42 U.S.C. § 408(a)(3)&(4), Social Security Fraud, to ten months incarceration followed by three years supervised release. He was also ordered to pay $37,304.00 restitution. On November 27, 2017, he began his supervised release and has been steadily making restitution payments while on release.

Defendant traveled and returned to the Dominican Republic without incident on multiple occasions throughout the trial and release process. The district judge permitted the defendant to travel to the Dominican Republic prior to sentencing, after sentencing from October 25 to November 12, 2018, and then again from February 8-26, 2019.

On June 25, 2019, the Defendant was charged with Operating Under the Influence in violation of Anchorage Municipal Code 9.28.020(A). The case is pending and scheduled for a pre-trial conference on August 12, 2019. As a result of this incident, Defendant agreed to modification of his conditions of supervised release adding a prohibition on the consumption and possession of alcohol, and a requirement of participation in an alcohol monitoring program for up to 90 days. The United States Probation Office outfitted the Defendant with a Soberlink device as a primary means to monitor him for alcohol consumption on or about July 9, 2019.

While the Defendant has complied with the additional conditions since July 9, 2019, the Soberlink device has limited capabilities when utilized in the Dominican Republic. In the

*United States v. Cruz*
Final R&R re Motion to Modify Conditions of Supv Release 2
Case 3:15-cr-00052-TMB Document 262 Filed 08/02/19 Page 2 of 4

United States, the Soberlink device monitors the Defendant for alcohol consumption in two ways. First, the Probation Officer can program the device to administer random or scheduled tests per day and per week. The defendant is currently scheduled for testing on the device twice a day, Monday through Friday, and then three times daily on weekends. Second, the Probation Officer can send a text message to the defendant at any time and require the device to administer an immediate test. In the Dominican Republic, the immediate testing option is not available, however the random/scheduled tests are active. To mitigate risk of non-compliance, the Probation Officer can increase the amount of random or scheduled tests per day.

The Defendant will be provided a cell phone while he is in the Dominican Republic and the Defendant will reside in areas with cellular service. Regardless of cellular service accessibility, the SoberLink system is based on GPS, so even a lack of cell service would not render the Soberlink unit inactive. Defendant requests to go to the Dominican Republic in part because of paid employment.

## Conclusion

This court recommends allowing the Defendant to travel to the Dominican Republic as requested from August 13-28, 2019. The Defendant's continued adherence to the release conditions, previous trips to the Dominican Republic without violation, and the relationship of this trip to his continued employment were key to this court's recommendation. The ability to increase the alcohol testing through the Soberlink device will sufficiently mitigate the risk of the Defendant's non-compliance with the no alcohol requirement for this limited time.

For these reasons, this court RECOMMENDS modification of the Defendant's supervised release conditions as follows:

*United States v. Cruz*
Final R&R re Motion to Modify Conditions of Supv Release 3
Case 3:15-cr-00052-TMB   Document 262   Filed 08/02/19   Page 3 of 4

1. The probation officer shall increase the frequency of testing by the Soberlink device, within the officer's discretion, from August 13-28, 2019.

2. Defendant may be allowed to travel to the Domican Republic from August 13-28, 2019.

DATED at Fairbanks, Alaska, this 2nd day of August, 2019.

            /s/Scott A. Oravec
            UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is being issued as a Final Report and Recommendation. Pursuant to Fed. R. Crim P. 59(b)(3), any objections will be considered by the District Court Judge who will accept, reject, or modify the recommendation following de novo review. Any objections must be filed within **two (2) days** from the date of service of this Report and Recommendation.

*United States v. Cruz*
Final R&R re Motion to Modify Conditions of Supv Release   4
Case 3:15-cr-00052-TMB   Document 262   Filed 08/02/19   Page 4 of 4